UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATIE FORLIZZO,

    Plaintiff,

v.                                              Case No.:  8:22-cv-2973-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Katie Forlizzo seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

**A.   Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.   Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on July 16, 2020, alleging disability beginning on August 13, 2019. (Tr. 112, 218-21). The applications were denied initially and on reconsideration. (Tr. 112, 124). Plaintiff requested a hearing, and on March 14, 2022, a hearing was held before Administrative Law Judge Anne V. Sprague ("ALJ"). (Tr. 43-60). On March 25, 2022, the ALJ entered a decision finding Plaintiff not under a disability from August 13, 2019, through the date of the decision. (Tr. 27-38).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on October 28, 2022. (Tr. 1-6). Plaintiff filed a Complaint (Doc. 1) on December 30, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 13).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2025. (Tr. 29). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 13, 2019, the alleged onset date. (Tr. 29). At step two, the ALJ found that Plaintiff had the following severe impairments: "possible seizures; post-traumatic stress disorder (PTSD); panic disorder; obsessive compulsive disorder (OCD); major depressive disorder." (Tr. 29). At step three, the

ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 30).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant must never climb ladders, ropes, or scaffolds. She is limited to frequent exposure to unprotected height and dangerous equipment. The claimant can understand, remember, and carry out simple instructions. She can concentrate, persist, and maintain pace to perform simple tasks. She must have no interaction with the public and only occasional social interaction with coworkers and supervisors. The claimant must have only occasional changes in a work setting.

(Tr. 31).

At step four, the ALJ determined that Plaintiff was unable to perform her past relevant work as a pharmacy technician. (Tr. 36). At step five, the ALJ found that considering Plaintiff's age (31 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 37-38). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

  (1) kitchen helper, DOT 318.687-010, medium, SVP 2[1]

  (2) floor waxer, DOT 381.687-034, medium, SVP 2

  (3) cook helper, DOT 317.687-010, medium, SVP 2

  (4) marker, DOT 209.587-034, light, SVP 2

  (5) eye glass polisher, DOT 713.687-038, sedentary, SVP 2

(Tr. 37-38, 59). The ALJ concluded that Plaintiff had not been under a disability from August 13, 2019, through the date of the decision. (Tr. 38).

## II. Analysis

Plaintiff submitted additional evidence to the Appeals Council of chiropractic treatment notes dated December 12, 2021, through March 7, 2022, and two MRIs taken on December 30, 2021 of the lumbar and cervical spine. (Tr. 61-95). On appeal, Plaintiff challenges whether the Appeals Council applied the correct legal standard to this additional evidence. (Doc. 14, p. 4). Plaintiff asserts that she was involved in a car accident on December 10, 2021, which occurred before both the hearing and the ALJ's March 2022 decision. (Doc. 14, p. 8). Plaintiff argues that the ALJ based the RFC assessment on records prior to the car accident. (Doc. 14, p. 8). Plaintiff contends that the Appeals Council erroneously determined that the additional evidence submitted to it – which was dated after the car accident – did not show a reasonable probability that it would change the outcome of the decision.

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(Doc. 14, p. 8). Plaintiff claims that these additional medical records show impairments of the cervical and lumbar spine, and support Plaintiff's complaints of neck pain, back pain, shoulder pain, headaches, tingling/numbness in her hands, weakness in her right hand, severe right wrist pain, and right hip pain. (Doc. 14, p. 7).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[2] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). New evidence is chronologically relevant if it relates to the period on or before the date of the ALJ's decision. *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1309 (11th Cir. 2018). "Evidence is material if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Atha*, 616 F. App'x at 936.

---

[2] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

The new regulation added an additional requirement that the Appeals Council "will only consider additional evidence under paragraph (a)(5) of this section if you show good cause for not informing us about or submitting the evidence as described in § 416.1435…." 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b).

If the ALJ's decision is contrary to the weight of the evidence – including the new evidence – then the Appeals Council must grant the petition for review. *Hargress*, 883 F.3d at 1309 (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014)). But the Appeals Council need not give a detailed explanation or further address each piece of new evidence individually. *Id.*

Here, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1). As to the additional evidence submitted, the Appeals Council determined:

> You submitted additional evidence from Langheier Healthcare dated December 17, 2021 through March 7, 2022 (31pages); Spring Hill MRI, dated December 30, 2021 (4 pages and 3 pages); and Rushad Juyla, DO dated May 2, 2022 (6 pages).[3] We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.

---

[3] Plaintiff stated: "[t]he records from Rushad Juyla, D.O., dated May 2, 2022, related to a time period after the date of the ALJ's decision and are not at issue (Tr. 19-23)." (Doc. 14, p. 7, n.1).

(Tr. 2). Thus, the only reason given for not reviewing the additional evidence was that it did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2).[4]

The additional medical evidence submitted to the Appeals Council contained two MRIs. The MRI of the cervical spine showed:

1. Posterior left paracentral disc extrusion at C5-6 impinging upon the thecal sac and impressing upon the ventral surface of the spinal cord to the left of midline resulting in mild deformity of the ventral cord contour. There is also secondary spinal canal stenosis that is mild in severity to the left of midline as well as foraminal stenosis on the left as described. Some mild downward extrusion of disc material is seen to the left of midline. The size of this disc herniation appears to increase slightly during cervical extension.

2. Shallow, very focal posterior disc protrusion at C4-5 indenting the thecal sac in the midline. The central canal and foraminal dimensions are satisfactory at this level.

3. Slight reversal of the cervical lordotic curvature resulting in a mild kyphotic angulation apexing at C5-6.

(Tr. 92).

---

[4] The Appeals Council did not address whether the submitted evidence was new or whether Plaintiff had shown good cause for not informing the Commissioner about or submitting the evidence as described earlier in the administrative process. "If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, or the Appeals Council does not find you had good cause for missing the deadline to submit the evidence in § 404.935, the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application. 20 C.F.R. 404.970(c); *see also Duffy v. Comm'r of Soc. Sec.*, No. 3:15-cv-1427-J-PDB, 2017 WL 5444530, at *17 (M.D. Fla. Mar. 20, 2017), *aff'd*, 736 F. App'x 834 (11th Cir. 2018). Plaintiff asserts that the Appeals Council did not include any language addressing the new and material evidence issue. (Doc. 14, p. 9, n.2) (citing 20 C.F.R. § 404.970(c). As a result, the Court will address the stated reason by Appeals Council for denying review.

The MRI of the lumbar spine showed:

1. Suspected disc herniation with some slight downward extrusion of disc material just below the level of the disc interspace at the T12-L1 level seen on sagittal images labeled #8. However, no axial slices were obtained through this region limiting the ability to assess this further. Performing a stack axial sequence through the level of the T12-L1 disc to include the posterior aspect of the L1 vertebral body should be considered for further evaluation depending upon the clinical scenario.

2. Annular disc bulging at L5-S1 effacing the ventral aspect of the thecal sac. No central canal or foraminal stenosis at this level.

(Tr. 94-95).

Plaintiff also submitted chiropractic treatment notes from December 17, 2021 through March 7, 2022. (Tr. 61-90). In these records, Plaintiff complained of and was treated for headaches, moderate to severe pain throughout the neck, back, shoulders, arms, wrists, and hands, and some cramping and discomfort in the hands. (Tr. 61-89). The hand pain affected her ability to hold things for long periods, and she suffered from numbness and weakness in her right hand. (Tr. 72, 74-76, 83, 86-87).

In the decision, the ALJ found Plaintiff had severe mental impairments and possible seizures, but found no other medically determinable physical impairments. (Tr. 29). The ALJ relied on a December 2020, physical consultative examination by Adam Greenfield, D.O. to determine Plaintiff's physical limitations. (Tr. 35). The ALJ noted:

> The physical examination was completely within normal limits, with the exception of the claimant's nonsevere obesity. Dr. Greenberg's report is persuasive as it consistent with the claimant's lack of treatment for a physical condition. Further, the claimant did not allege any physical conditions as disabling. Notwithstanding this, because the claimant has a history of seizures, I provided certain postural and environmental precautions in the residual functional capacity herein.

(Tr. 35). But Dr. Greenfield examined Plaintiff before the car accident, which occurred about a year later.

At the hearing, Plaintiff testified that she was in a car accident in December 2021. (Tr. 52). She also testified that the accident exacerbated her hand pain, numbness, tingling, and cramping. (Tr. 52). The additional records submitted to the Appeals Council support pain in Plaintiff's neck, back, shoulders, wrists, hips, as well as headache pain and pain, tingling, cramping, weakness, and numbness in her hands. (Tr. 61-90).

The Commissioner argues that the Appeals Council properly found that these additional records did not show a reasonable probability that they would change the outcome of the ALJ's final decision. (Doc. 17, p. 7). The Commissioner contends that MRIs alone cannot establish whether Plaintiff suffered any affects from the car accident that were functionally limiting, and further contends that pain is not an impairment. (Doc. 17, p. 8-9). The Commissioner also argues that Plaintiff's complaints of pain do not establish that she was more functionally limited than assessed by the ALJ in the RFC. (Doc. 17. P. 9). The Court disagrees.

"The Appeals Council must consider new and material evidence submitted by a claimant and may not 'perfunctorily adhere' to an ALJ's decision." *Medders v. Soc. Sec. Admin., Comm'r*, No. 21-11702, 2022 WL 222719, at *2 (11th Cir. Jan. 26, 2022), *cert. denied sub nom. Medders v. Soc. Sec. Admin.,* 143 S. Ct. 563 (2023) (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783-84 (11th Cir. 2014)). As stated above, the Appeals Council need not provide a detailed rationale for why each additional piece of evidence does not change the ALJ's decision. *Id.* "When the Appeals Council states that it has considered a claimant's new evidence but found it would not affect the result, we will not 'second-guess that assertion' absent some 'affirmative basis' for concluding that it failed to evaluate the new evidence. *Id.* (citing *Mitchell*, 771 F.3d at 783). But importantly, one example of an affirmative basis is "if the claimant submits new evidence 'related to an entirely new condition which could have caused the claimant's back pain,' we would expect the Appeals Council 'to satisfactorily explain that new evidence.'" *Id.* (citing *Mitchell*, 771 F.3d at 783). By contrast, no further explanation is needed when a plaintiff presents additional evidence related to a medical condition already considered by the ALJ. *Id.* (citing *Mitchell*, 771 F.3d at 783-85).

Relying on Dr. Greenberg's report of a physical examination within normal limits (conducted before the car accident), the ALJ assessed an RFC finding Plaintiff capable of performing a full range of work at all exertional levels, with certain

nonexertional limitations. (Tr. 31, 35). But the additional medical records submitted to the Appeals Council not only showed abnormal MRIs and widespread pain, but also showed Plaintiff had cramping, discomfort bilaterally in her hands, numbness in her right hand, and limitations in ability to hold objects for long periods. (*See, e.g.*, Tr. 61, 65, 67, 69, 72). The additional evidence showed a new condition caused by a car accident, which caused pain in Plaintiff's neck, back, shoulders, wrists, hips, as well as headache pain and pain, tingling, cramping, weakness, and numbness in her hands. (Tr. 61-90). Plaintiff also testified at the hearing that the car accident exacerbated the problems with her hands. (Tr. 52). As a result, there is a reasonable probability that the additional evidence would change the outcome of the decision. Thus, the Appeals Council erred in its finding that the additional evidence did not show a reasonable probability that it would change the outcome of the decision and remand is appropriate.[5]

### III.   Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider the additional evidence submitted to the Appeals Council along with all the medical and other

---

[5] In remanding this case, the Court offers no opinion on whether Plaintiff can ultimately establish that she is disabled within the meaning of the Social Security Act.

evidence of record. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 13, 2023.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties